NEWMAN ERB, *as Receiver of the Kansas City, Wyandotte & Northwestern Railroad Company,* v. OTTO J. MO-RASCH AND ELIZA MORASCH, *as next of kin of Irene Morasch, deceased.*

### No. 268.*

1. RAILROADS—*Injury to Infant—Pleading.* In an action under section 422 of the code (Gen. Stat. 1889, ¶ 4518, Gen. Stat. 1897, ch. 95, § 418), it is not required that the petition state how the plaintiffs were injured pecuniarily to state a cause of action; nor is it necessary that it allege special damages, to entitle the plaintiff to a verdict.

2. ———— *Speed in Cities—Exception not Fatal.* Ordinance No. 522 of Kansas City, Kan., making it unlawful for any railway-engine, or train, or railroad-cars, to run within the city limits at a speed exceeding six miles an hour, is not void because section 8 exempted from its provisions the Inter-State Rapid Transit Railway Company, it appearing that the excepted company is a street-car line and not in fact a railroad within the same situation and conditions as ordinary railroads, to which the provisions of the ordinance were intended to apply.

3. ———— *Operation of Ordinance—Reasonable Restraint.* The application of the requirements of the ordinance to the defendant's trains under existing conditions was not an unreasonable restraint on the defendant or on commerce, because the place where the killing occured was within the suburbs of the city and not on a highway or street crossing.

4. ———— *Not Obnoxious to Federal Constitution.* The ordinance is not obnoxious to the provisions of the fourteenth amendment to the constitution of the United States. (*Railroad Co. v. Richmond,* 96 U. S. 521.)

5. ———— *Not Obnoxious to State Constitution.* The ordinance is not obnoxious to the constitutional provisions of the state in not having a uniform operation because of the exception attempted to be made by section 8 thereof.

6. ———— *Speed of Train—Negligence.* The failure of the defendant to observe the provisions of the ordinance by running its train within the city at a speed of fifteen miles an hour was neg-

* In October, 1898, plaintiff in error applied to the supreme court for a certificate of review. The application was denied, and thereupon proceedings were instituted for a review as a matter of right, but the petition in error was dismissed. (*Railroad Co. v. Morasch,* 60 Kan. 251, 56 Pac. 133.)—REP.

ligence of which the deceased could have legally complained had she survived the injury, although at the time she was upon the defendant's unfenced track, not at any street crossing, and without license of the company thereto.

Error from Wyandotte district court; HENRY L. ALDEN, judge.    Opinion filed September 17, 1898. Affirmed.

*Waggener, Horton & Orr,* for plaintiff in error.
*McGrew, Watson & Watson,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: This action was begun in the district court of Wyandotte county by the defendants in error against the plaintiff in error, under section 422 of the code of civil procedure (Gen. Stat. 1897, ch. 95, § 418), to recover damages on account of the death of the infant daughter of the plaintiffs, whose death, the petition alleges, was occasioned by the operation of defendant's passenger-train on the 16th day of June, 1893.  The child was about thirty-four months old at the time she was killed.   The petition alleged that the child was killed on the right of way of the railway, not at the crossing of any public highway or street, within the corporate limits of the city of Kansas City, Kan.; that the train was being run at a high, dangerous and reckless rate of speed within the city limits, in violation of the ordinances of the city ; and that the servants of the defendant in charge of the train were also negligent in not stopping the train or making any effort to slacken its speed or get it under control after they had observed the child upon the railway track.

The defendant answered, first, by a general denial of all of the allegations of the petition except such as are

confessed.   He admits the incorporation of the railway company, and that he was the duty appointed, qualified and acting receiver of the road, as alleged in the petition.   He denies specifically that there was any ordinance in the city of Kansas City regarding the speed of trains.   He denies that the train was run at an excessive rate of speed, and alleges that if the deceased was injured as alleged it was not the result of any negligence on the part of the defendant, his agents or employees, but was the result of the negligence of the plaintiffs in their failure to use reasonable and ordinary care regarding the child.

The plaintiffs replied by general denial to the allegations of the answer made by way of defense.   The case was tried to a jury and resulted in a verdict for $1020 for the plaintiffs.   The jury also returned with their general verdict answers to thirty-six special interrogatories submitted by the defendant, many of which the trial court ought to have refused to submit to them.   The material findings of the jury are that the child was killed on the right of way of the railroad company; that that part of the railway right of way where the child was killed is within the corporate limits of the city of Kansas City, Kan.; that the house in which the plaintiffs lived at the time the child was killed was 125 feet south of the railroad-track, and that the plaintiffs had lived there about two months prior to the accident; that trains passed to and fro on this line frequently, and the plaintiffs knew this, and that it was dangerous for their children to be on or near the track; that they knew further that there was nothing to prevent this child from going on the track if left unattended; that the parents were not negligent with regard to their care of and attention to the child; that the right of way of the

railroad company, at the time of the accident, was grown up with weeds some two or three feet high nearly to the end of the ties; that the engineer and fireman were in their proper places looking ahead in the direction the engine was moving at the time of the accident; that the bell was being rung continuously; that the engineer and fireman did not, as soon as they discovered the child in a position of danger, do everything that might have been done to stop the train and prevent the death of the child; that if the engineer had been observing the provisions of the ordinance as to speed within the city limits, the child would not have been killed; that the failure to observe the requirements of the ordinance resulted in the death of the child; and that the engineer and fireman did not wantonly and willfully run the engine over the child after they discovered her. There was a motion by the defendant for judgment on the special findings notwithstanding the general verdict, which was denied, a motion for a new trial on the statutory grounds, which was likewise denied, and the plaintiffs thereupon had judgment on the verdict.

We will consider the errors assigned in the order in which they appear in the brief of the plaintiff in error. It is first contended that the verdict and findings of fact are not sustained by sufficient evidence. There is no doubt in our minds that the evidence fully warranted the verdict and findings of the jury. The second assignment is of a general character, and is of errors of law occurring at the trial and duly excepted to at the time. Under this assignment counsel contend, first, that the petition was defective, in that there was no sufficient allegation of pecuniary or special damage to the plaintiffs as next of kin. It is suffi-

cient to say that as to special damages there were none claimed or allowed, but only such general damages as are contemplated by the provisions of the statute giving the right of action.  It is not necessary for the petition to contain allegations of the particular loss to plaintiffs occasioned by the death of the infant nor the evidence by which they expected to sustain the allegation of damage.  The general allegation was sufficient.  While the question of pleading was not specifically in controversy or passed on in *K. P. Rly. Co. v. Cutter*, 19 Kan. 83, yet this deduction logically follows the decision in that case.  See, also, *Railroad Co. v. Barron*, 5 Wall. 90.  There was no motion to require the plaintiff to make it more definite and certain, but the objection was a general one to the introduction of the evidence under the petition, and the only question to be decided is whether the petition stated a cause of action.

The next assignment is that the court erred in receiving incompetent evidence ; and under this head counsel contend that the court erred in admitting in evidence ordinance No. 522 of the city of Kansas City, Kan., over the objection that the ordinance was on its face void because of the provisions of section 8, which are as follows : "The provisions of this ordinance shall not apply to the Inter-State Rapid Transit Railway Company, except with reference to funerals or other processions."  Upon this objection being made, the plaintiffs introduced evidence tending to show that the Inter-State Rapid Transit Railway Company was in fact a street-car line operated with electrical engines and was not within the provisions of section 2 of the ordinance at all, which is the section applicable to the case.  The ordinance in our view was not void and was competent evidence to be ad-

5—8 KAN. APP.

mitted in the case. (*Meek v. Pennsylvania Co.*, 38 Ohio St. 632; *Correll v. The B. C. R. & M. R. R. Co.*, 38 Iowa, 120.)

There was a further objection to the introduction of the ordinance, that it was unreasonable and in restraint of commerce, because of the fact that the part of the city where the accident occurred was uninhabited, and, therefore, there was no reason to impose this restraint on commerce such as exists in the more populous parts of a city. Had the track of the railroad company been fenced, as in some of the cases referred to by counsel in the brief, and had the country where the accident occurred been agricultural grounds, the objection might have been tenable; but the evidence in the record discloses the fact that that portion of the city where the accident occurred is not thinly populated and is not agricultural lands; that the track of the company was not fenced; and that all the dangers to which the inhabitants of the city were subjected existed in that part of the city as well as in any other part, though probably not to so great degree, but it was simply a matter of degree.

It is further contended that the ordinance is obnoxious to the provisions of the fourteenth amendment to the constitution of the United States. This contention cannot be sustained. (*Railroad Co. v. Richmond*, 96 U. S. 521.)

It is again contended that the ordinance is obnoxious to the provision of the state constitution in that it is not uniform in operation. It is only necessary that an ordinance of a municipality affect all in the same situation or under the same conditions alike, and so far as concerns the application of this ordinance to railways it is uniform in its operation. The exception of the Inter-State Rapid Transit Railway, as heretofore

Railroad Co. v. Morasch.

stated, was unnecessary, as the same conditions did not exist with respect to that road that existed at the time of the passage of the ordinance with respect to the class to which the plaintiff in error belongs. It is true that at the time of the enactment of the ordinance, as contended by counsel for plaintiff in error, the railroad excepted used dummy engines. It is true that they are dangerous and capable of a higher rate of speed that the limit fixed by the ordinance ; but it was a street-railway carrying passengers from street to street and point to point within the cities of Kansas City, Kan., and Kansas City, Mo., and the parks, being suburbs of Kansas City, Kan. There was no occasion for the passage of this ordinance so far as this road was concerned, as its provisions were not applicable to it. Even if they might have applied, and even if the conditions of the Inter-State Rapid Transit road were such as to make all the conditions of the ordinance applicable to it, and conceding for that reason that that provision of the ordinance was unreasonable and void, it would not necessarily follow that the other provisions of the ordinance would be void, under the rules stated and authorities cited in counsel's brief. This exception was not an essential part of the ordinance. It does not appear that the council would not have passed the ordinance itself but for the exception.

Under the second assignment of error, and in the fifth paragraph of counsel's brief, they argue the question that the court erred in overruling the demurrer to the plaintiff's evidence. In our view of the case, there was sufficient evidence to go to the jury, and especially in view of the fact that the defendant was running its train in violation of an express ordinance of the city. It is contended that this ordinance did not apply to the case because the acci-

dent did not occur at any street crossing. We cannot agree with counsel in this contention. The ordinance does not limit its application in terms to the highways of the city, but says "within the city limits." The track of defendant's railway was unfenced. The passengers upon the defendant's train were subjected to wreck, damage and death there as much as upon the part of the track crossing highways or within the limits of a highway. When the ordinance was passed the council doubtless had in view the facts as they existed at the time, and the ordinance was doubtless intended as much to prevent accident to the passengers being carried by railways as to protect the lives of the inhabitants of the city. And it was just as necessary, under the conditions that existed, that the ordinance should apply to that part of the defendant's right of way and track not within the limits of a highway as within such limits. The application would be a reasonable one, and there can be no reasonable objection urged against it.

The next assignment of error is that the court erred in refusing to give certain instructions requested by the defendant. The substance of the third, fourth, fifth and seventh requests was given clearly and expressly by the court in its general charge. The thirteenth instruction complained of by counsel is as follows : "The jury are instructed that, as a question of law, great reduction of speed cannot be required outside of the built-up portion of the city." This instruction is not applicable to the case. It would have been misleading had it been given. The substance of the fourteenth request was given.

The fifteenth request is that no rate of speed would be negligence as affecting one who was on the track of the railway company without right. We cannot

construe this to be a correct principle of law. Put in plain English, it is: ''You are a trespasser on our line. We have the right to the exclusive use of our track. We owe you no duty except not to deliberately murder you, and we cannot be held accountable unless the conduct of our agents would warrant their conviction on a charge of murder or at least manslaughter; therefore the city ordinance cannot aid you, cannot add to our duty toward you. As to a trespasser, it is immaterial whether we were conducting our business in express violation of law.'' It was frequently contended, but we cannot concede, that an infant, by going upon a railroad-track without license from the company, is without right of protection under the law of the land. As we have said, this ordinance was doubtless intended to apply as much to that part of the track of the defendant company as to any part of it, and it was intended for the protection of citizens who might be upon the track of the railway outside of the highway as well as upon other parts, under the circumstances as they existed. Had the railway company seen fit to fence its track with such a fence as would have excluded infants and possibly others from being upon its tracks, then the rule contended for might have some reasonable application. But so long as railroad companies operate, within cities, engines with trains of cars attached, which are conceded to be highly dangerous to life and limb, without excluding the public from their tracks, they ought not to be heard to say that an infant at least is without the protecting provisions of the rules governing the inhabitants of the city simply because she was there without a license from the company. We cannot concede that it is of greater importance to society — and laws are for the government of society

at large — that a train should reach a given destination at a given hour or minute than that the lives of persons who may possibly be trespassers upon the unfenced right of way of a railway company should be preserved or protected.

The real question is, Was there any duty, public or private, which the defendant owed to the deceased infant which it failed or omitted to perform?. Admitting that it had the right to the exlusive use of its track, that the infant was there on the track without a license, yet under the ordinance of the city, as well as by the dictates of humanity, the company owed to the infant, as well as to every other member of the public, a resident of the city or sojourning therein, not to run its trains at a dangerous speed within the city limits — a speed that would be dangerous to persons on the track with or without license — and in this it failed. It was conducting its business in violation of the laws of the city in which it was. It is found by the jury that, but for this violation of duty, the death of the child could and would have been avoided.

The sixteenth, twenty-first, twenty-second, twenty-third and twenty-seventh requests were given in the court's general charge. Number 1, of which special complaint is made, is a direction to the jury to find for the defendant. Under the facts as they existed, as heretofore stated, it was not error to refuse this. The foregoing are all the instructions specifically mentioned in brief of counsel for plaintiff in error.

The next assignment of error is that the court overruled the motion of the defendant in error for judgment on the special findings. The special findings support the verdict of the jury. It would have been error to sustain the motion. While there are some

slight apparent inconsistencies between some of the findings, there is nothing of such nature as would have warranted the court in granting the motion for judgment as against the substantial findings which determined in fact the rights of the parties in the case.

Counsel contend further that the material findings of the jury were not supported by any evidence. If the ordinance complained of was eliminated from the record, there might be a fair ground for contending that the court erred in sustaining the findings of the jury that the child's death was caused by the negligent act of the servants and agents of the defendant. Or, had the accident occurred outside of the city limits, in a rural district, a sparsely populated community, it might be said with some show of reason that the evidence did not disclose but that the engineer and fireman did all they could to preserve the life of the child after they say that they recognized her as a child.

The seventh assignment of error is that the court overruled the defendant's motion for a new trial. A careful scrutiny of the record, aided by the diligence of counsel, has not enabled us to discover anything in the record which was error materially affecting the rights of the defendant. There was no ground for granting a new trial. The eighth assignment is that the verdict is contrary to law. It follows, from what we have said heretofore, that this assignment cannot be sustained; and these remarks likewise apply to the ninth, which is that the verdict is not sustained by sufficient evidence.

The judgment of the trial court is affirmed.