NEWMAN ERB, *as Receiver of the Kansas City, Wyandotte & Northwestern Railroad Company*, v. OTTO J. MORASCH *et al.*

### No. 11288.

PRACTICE, SUPREME COURT—*Error from Courts of Appeals—Constitutional Questions.* Where proceedings in error are commenced in this court as a matter of right to review a decision of one of the courts of appeals, under a claim that the case is one involving the constitution of this state, or the constitution of the United States, as provided in section 31, chapter 84, General Statutes of 1897, this court will not assume or retain jurisdiction from the mere fact that the constitutional rights of a party are alleged to have been infringed, but will examine into the questions involved to ascertain whether there are any substantial reasons for the claim.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed February 11, 1899. Dismissed.

*Waggener, Horton & Orr*, for plaintiff in error.
*McGrew, Watson & Watson*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This action was brought in the district court of Wyandotte county by Otto J. Morasch and Eliza Morasch, the father and mother of Irene Morasch, to recover damages from the plaintiff in error

for the death of said Irene Morasch, an infant about twenty-two months old, said death being caused, as alleged, by a passenger-train negligently operated by the engineer and trainmen of the receiver running upon and over said infant. The accident occurred within the corporate limits of Kansas City, Kan., a city of the first class. Plaintiffs below recovered a verdict for the sum of $1020, and judgment was rendered accordingly. On proceedings in error to the court of appeals, northern department, the judgment was affirmed. ( 8 Kan. App. —, 54 Pac. 323.) Afterward, and on October 3, 1898, the plaintiff in error made an application to this court for a certificate of review, seeking to have the decision of the court of appeals reversed for errors committed by that tribunal in the consideration of the case. This application was addressed to the discretion of this court, under section 23 of chapter 84, General Statutes of 1897, and was denied. The plaintiff in error, on October 6, 1898, filed in this court a copy of the case-made and transcript upon which the cause was considered in the court of appeals, together with a petition in error containing twenty-one assignments, and had summons in error issue to said defendants in error. A motion has been filed by defendants in error to dismiss the cause for the reason that an appeal to this court by plaintiff in error cannot be considered as a matter of right.

This last attempt to invoke the action of this court in the case proceeds upon the theory that the plaintiff in error is entitled to have the decision of the court of appeals reviewed here as a matter of right, under section 31, chapter 84, General Statutes of 1897, which reads :

" Proceedings in error may be taken from the judgment of the courts of appeals to the supreme court in

any action or proceeding where the courts of appeals have original jurisdiction, or in any case involving the tax or revenue laws of this state, or the title to real estate, or the constitution of this state, or the constitution, laws or treaties of the United States.''

The establishment of the courts of appeals was intended to relieve the crowded docket of this court, and to save litigants from that long delay in the hearing of causes which theretofore, in some instances, resulted in a practical denial of justice. It is important therefore to parties litigant that in aid of the prompt administration of justice this court refuse to entertain jurisdiction of causes brought here from the courts of appeals, unless the right to review the action of those courts is clear and undoubted under said section 31, or unless errors are pointed out which challenge the attention of this court to a degree demanding an order for the removal of the cause here for rehearing.

In the case at bar a review of the decision of the court of appeals is sought for the reason that that court sustained the validity of a city ordinance limiting the speed of railway-trains within the city limits to six miles per hour, which ordinance excepted from its application the Inter-State Rapid Transit Railway Company. It is claimed that this ordinance, enacted under legislative authority, not only violates section 17, article 2, of the constitution of Kansas, securing uniformity of all laws of a general nature throughout the state, but that it infringes upon the provisions of the fourteenth amendment to the constitution of the United States, providing that no state shall '' deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'' The ordinance was material evidence in the trial court,

and its violation by the servants of the receiver constituted the chief charge of negligence.

It was established at the trial that the excepted company, the Inter-State Rapid Transit Railway Company, was a street-railway company operating a line of road for the carriage of passengers only along and over the streets and alleys of Kansas City, Kan.; that the road operated by the plaintiff in error was an ordinary railroad, for the carriage of both passengers and freight; and that at the time of the passage of the ordinance the street-railway cars of the Inter-State company were propelled by "dummy" locomotives using steam, but at the time of the accident the use of steam had been abandoned and electricity substituted as a motive power.

It is not contended by the plaintiff in error that there was any lack of power in the municipality to regulate the speed of railroad cars and trains running through its limits, but that the ordinance in question discriminates in favor of the Inter-State Rapid Transit Railway Company, which was operated in a manner and with propelling force alike in all respects to the railroad then in the hands of the receiver. If there had been no evidence offered in the case explanatory of the workings of the Inter-State Rapid Transit Railway Company, it might be inferred from the face of the ordinance that the exception exempted from its penalties a railway similar to that operated by the plaintiff in error. The evidence heard in the trial court, however, showed that the Inter-State Rapid Transit Railway Company was designed and operated merely to facilitate travel and communication upon the public highways of the city, furnishing to the inhabitants of the municipality ready and rapid transportation from one part of the town to

another. Can it be said, then, that a question is here presented which involves the constitution of this state or the constitution or laws of the United States? It is clear to us that the legislation enacted by the city council is not obnoxious to the provisions of the constitution of this state or to the fourteenth amendment to the constitution of the United States.

The mere assertion of an infringement of constitutional rights when the claim appears to be merely colorable cannot move this court to assume or retain jurisdiction of a cause for the purpose of review. This court will look beyond the alleged deprivation of rights guaranteed to ascertain whether the wrongs complained of have any substantial foundation in law or reason. Were it otherwise, the ingenuity of counsel would be constantly exercised in the pursuit and discovery of questions in a case "involving . . . the constitution of this state, or the constitution, laws or treaties of the United States," and, however remote and shadowy, compel the review here of decisions intended by the law to be final in the courts of appeals. If the jurisdiction of this court depends upon the mere contention of a party that the constitution of this state or the constitution or laws or treaties of the United States are involved, then inquiry is stifled and investigation into the good faith or soundness of the contention is a useless labor.

It is clear to us that the ordinance received in evidence was a mere police regulation, governing the speed of ordinary steam-railroad engines and cars only, and that the exception of a street-railway from the penalties prescribed by the same was not class legislation, nor were the constitutional rights of the plaintiff in error infringed thereby. The motion to dismiss the proceedings in error will be sustained.