THE CITY OF HOLTON v. JOHN BIMROD.
THE CITY OF HOLTON v. BARBARA HAIST.

Nos. 11,429, 11,431.* (58 Pac. 558.)

1. COMPLAINT—*Knowledge of Prosecuting Witness.* The secret reasons of prosecuting witnesses for making complaints cannot be inquired into for the purpose of invalidating the warrants.

2. PRACTICE, SUPREME COURT—*Jurisdiction.* Where there is no question involving the constitution of the state or of the United States, the supreme court is without jurisdiction, and an appeal from the courts of appeals will be dismissed.

Appeals from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MCELROY, judges. Opinion filed October 7, 1899. Dismissed.

*John D. Myers*, city attorney, for appellee.
*Crane & Woodburn*, for appellants.

PER CURIAM: Jurisdiction of this court is invoked by the appellants for the reason that they were arrested, tried and convicted in violation of section 15 of the bill of rights, which provides: ". . . and no warrant shall issue but on probable cause sup-

---

*These cases were listed with the *per curiam* opinions in 60 Kan. The opinion is now published in full on account of subsequent citations. For opinion by the court of appeals, see 8 Kan. App. 265, 55 Pac. 468, 505.—REP.

ported by oath or affirmation,'' etc.   The prosecutions were had under a city ordinance prescribing penalties for the keeping and sale of intoxicating liquors except for medical, scientific and mechanical purposes.   The original complaints, upon which warrants were issued by the police judge for appellants' arrest, were sworn to positively and not on information and belief.   The appellants sought to introduce testimony showing that the prosecuting witnesses had no personal knowledge of the facts stated in the complaints, for the purpose of proving want of probable cause.   Such testimony was not entitled to consideration.   The verifications being positive in form, the requirements of the bill of rights were wholly satisfied.   The secret reasons of the prosecuting witnesses for making the complaints could not be inquired into for the purpose of invalidating the warrants.   Sufficient probable cause was made to appear to the magistrate for the issuing of the warrants by the charges made and the positive form of the verifications. (*The State v. Moseli*, 49 Kan. 142, 30 Pac. 189 ; *The State v. Brooks*, 33 id. 708, 7 Pac. 591 ; *The State v. Dugan*, 52 id. 23, 34 Pac. 409 ; *The State v. Carey,* 56 id. 84, 42 Pac. 371.)

There being no question involving the constitution of this state, as required by section 31, chapter 84, General Statutes of 1897 (Gen. Stat. 1899, § 1869), to give this court jurisdiction, the appeals must be dismissed.  (*Railroad Co. v. Morasch*, 60 Kan. 251, 56 Pac. 133.)