THE STATE OF KANSAS v. JOHN GILL.

No. 12,383. (65 Pac. 682.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Verification of Information.* The fact that an information charging an offense was verified positively by a private person, and upon information and belief by the county attorney, does not weaken the charge or operate to the prejudice of the defendant; nor does it make the information subject to a motion to quash for indefiniteness.

2. ——— *Allegation and Proof of Time.* The state is not required to prove that an offense was committed on the particular day named in the information, but may show that it was committed at any time within two years next preceding the time of the filing of the information.

3. ——— *Presumption of Knowledge of Offense Charged.* In the absence of a showing to the contrary, it will be presumed that the prosecuting witness or county attorney has knowledge of the offenses charged, established by the evidence, or relied on for conviction.

4. ——— *Instruction after Argument—Waiver by Defendant.* After the jury had been instructed and the argument had been concluded, the court gave to the jury an additional instruction, over the objection of the defendant, who admits that the instruction stated the law correctly, but complains that there was no opportunity to make an argument as to the application of the same to the evidence. *Held,* that, as there was no request to make additional argument, the defendant is in no position to complain that such opportunity was not given.

Appeal from Allen district court; L. STILLWELL, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*John F. Goshorn,* county attorney, and *A. H. Campbell,* for The State.

*Oscar Foust & Son,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J.: John Gill was prosecuted for **violations of** the prohibitory liquor law upon an informa-

The State v. Gill.

tion containing ten counts, and was found guilty of the charges stated in three of the counts. He appealed, and contends, first, that the information should have been quashed because the verification was indefinite. It was verified positively by Adell B. Beaumont, and it was also verified upon information and belief by G. R. Gard, as county attorney. In the transcript the printed words "county attorney" followed the signature of Beaumont, and the presence of these words is said to be a clerical error in copying

1. Verification held sufficient.

the information. There is some assurance of that in the record itself, where it is stated, and the concession made by the defendant, that Beaumont is a private person. The fact that the information was twice verified did not weaken the charge, nor can we see that it operated to the prejudice of the defendant. Either verification was sufficient to accomplish the purpose of the law, and the motion to quash was properly overruled.

It is next contended that some of the offenses relied on for conviction were not in the mind of the prosecuting witness when the information was filed. It was charged in the information that on or about cer-

2, 3. Allegation of time — presumption of knowledge of offense.

tain days in June, 1899, the offenses set up in the information were committed, and in the election under some of the counts the state relied on sales to particular persons, who testified that the sales of liquor made to them were in May, 1899. From the fact that the offenses were shown to have been committed in May, and were alleged to have been committed on or about certain days in June, the defendant contends that the offenses proved were not in the mind of the prosecuting witness when the information was filed. As will be observed, the time is not definitely fixed in the infor-

mation, and the slight disparity between the dates named in the information and those fixed by the proof does not show that the offenses were not the ones in the mind of the prosecutor at the beginning of the prosecution. The state is not required to prove that an offense was committed on the particular day charged, but may show that it was committed at any time within two years next preceding the time of the filing of the information. It has been frequently held that the prosecuting witness, or county attorney, will be presumed to have knowledge of the offenses proved or relied on, in the absence of a showing to the contrary. (*The State v. Brooks*, 33 Kan. 708, 7 Pac. 591; *The State v. Lund*, 51 id. 1, 32 Pac. 657.) Again, as one of the verifications was positive in form, there could be no question as to the validity of the warrant issued, nor of the arrest made; and besides, in such cases, the secret reasons of the prosecuting witnesses cannot be inquired into for the purpose of invalidating warrants for arrest. (*Holton v. Bimrod*, 61 Kan. 13, 58 Pac. 558, and cases cited.)

Further complaint is made that the court gave an additional instruction at the conclusion of the argument. It was deemed to be necessary because of some claim or contention that was made during the argument, and simply stated to the jury that the precise time of the commission of the offense need not be averred in the information, but that it is sufficient in regard to the matter of time if it appears from the information that the offenses complained of were committed within two years next preceding the time of the filing of the information. No exception is taken to the law as stated by the court in this additional instruction, but it is contended that it cut them out of the right to argue the instruction to the jury, and that

it was, therefore, prejudicial to the defendant.   It not infrequently happens that some circumstance arises

Instruction after argument— waiver by defendant.

which requires an additional instruction after the charge has been given and before the case is finally submitted.   In some cases, argument subsequent to the giving of the instruction might be important and necessary, and the court in such cases would doubtless permit it.   In this case, the matter upon which the instruction treated was simple and hardly open to any contention ; and besides, counsel made no request for permission to make additional argument, and is therefore in no position to complain that such an opportunity was not given.

We think the case was fairly submitted to the jury, and that no prejudicial error has been pointed out. The judgment of the district court will be affirmed.

DOSTER, C.J., GREENE, POLLOCK, JJ., concurring.