No. 19,284.

THE STATE OF KANSAS, *Appellee,* v. MARY V. KING, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. PERSISTENT VIOLATION OF LIQUOR LAWS—*Sufficient Complaint and Warrant.* The portion of a charge contained in a complaint and warrant for persistent violation of the prohibitory law which states that the accused sold intoxicating liquor on a date within the statute of limitations sufficiently specifies the nature of that element of the accusation and authorizes the holding of a preliminary examination.

2. SAME—*Preliminary Examination Waived—Findings of Examining Magistrate.* If a preliminary examination be waived it is not necessary that the examining magistrate find that any particular transaction of sale has occurred, or that there is probable cause to believe the accused guilty of any particular transaction of sale, in order to hold the accused for trial.

3. SAME. Where upon waiver of preliminary examination the magistrate makes the usual findings and holds the accused, an information may be filed which charges the offense described in the warrant without the specification of any particular transaction of sale, and the accused may be placed on trial for such offense.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion denying a rehearing filed July 7, 1914. (For original opinion of affirmance see *ante*, p. 669, 141 Pac. 247.)

*David Ritchie, G. A. Spencer*, and *J. F. Corder*, all of Salina, for the appellant.

*John S. Dawson*, attorney-general, and *L. W. Hamner*, county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for a rehearing it is said the court did not discuss in its opinion the overruling of the defendant's plea in abatement, which stated, in substance, that no preliminary examination was had with respect to the particular offense charged in the information. The argument in support of the plea in abatement was substantially the same as that offered in support of the motion to quash the information—indefiniteness of the charge. This being true, the defendant having waived preliminary examination, and the subject having been adverted to in the decision in the case of *The State v. Schmidt, ante*, p. 457, 140 Pac. 843, it did not seem necessary to treat the plea in abatement separately.

The complaint was filed before a justice of the peace on November 7, 1913, charging the defendant with selling intoxicating liquor on February 20, 1913. A warrant was issued on the day the complaint was filed, setting out the same charge. On November 13, 1913, the defendant waived preliminary examination and the justice of the peace made the usual finding relating to

The State v. King.

the commission of an offense and probable cause to believe the defendant guilty of committing it. On November 20, 1913, the information was filed, which set forth in the third count the offense specified in the warrant. On December 2, 1913, a motion to quash was filed and overruled. The grounds of the motion to quash, so far as it related to the third count, were the following:

"(c) For the reason that the facts stated in said Information do not set out with sufficient certainty the name of the person to whom said alleged intoxicating liquor was sold or bartered or the name or kind of liquors so alleged to be sold or bartered.

"(d) That said Third Count of said Information does not state facts sufficient to charge the defendant with the commission of any offense against the Laws of the State of Kansas."

Upon the overruling of the motion to quash, the plea in abatement was filed, which, so far as material, reads as follows:

"The said defendant Mary V. King for her further plea in abatement in the above entitled cause shows and represents to this Hon. Court that upon the pretended preliminary hearing heretofore had herein that no evidence of any kind was offered upon said hearing and that said Justice of the Peace did not make any finding that any offense had been committed or that there was probable cause to find the defendant guilty of the offense attempted to be charged in the third count of the Information as particularly applicable to said third count and that this defendant is unable to ascertain either from the proceedings upon the preliminary hearing or from the Information filed herein upon what particular transaction she is intended to be charged in the Information as to the third count, or upon what particular transaction she will be placed upon her trial thereunder."

A demurrer to the plea was sustained and the trial proceeded.

The defendant was convicted under the third count of the information on proof of a sale made to one

Walter Garvin on August 13, 1913, a date subsequent to that named in the information, but previous to the date of the complaint and warrant.

The motion to quash was bad unless the ground stated in subdivision (c) was good. That ground was not good, because the statute specifically provides that it is not necessary for the information to state the name of the person to whom the sale charged was made nor the kind of liquor sold.

An information charging the offense of selling intoxicating liquor on a certain date is definite and certain with respect to the crime charged. The date is immaterial except to show that the statute of limitations has not run against the prosecution. The date is not descriptive of the offense and may be ignored in the proof. By stating that the offense consisted in selling intoxicating liquor the crime charged is discriminated from keeping a place where intoxicating liquors are sold, keeping a place where persons are permitted to resort for drinking purposes, keeping a club room, and various other offenses against the liquor law. Under the statute and the uniform decisions of the court that is sufficient, and the rule of pleading was not changed because the law of 1911 imposed a heavier penalty upon persistent offenders.

The plea in abatement did nothing except raise the same question as to the motion to quash. The objection was not that no preliminary examination had been tendered and that the defendant had not waived preliminary examination. The objection was not that the justice of the peace had not made the findings necessary to hold the defendant for trial. The record proved the contrary. The objection was that a particular transaction (of sale) had not been disclosed by the proceedings and hence that the defendant had not been held to answer respecting a particular transaction to which the preliminary examination was applicable.

The State v. King.

The defendant was bound to take notice from the warrant that she was charged with selling intoxicating liquor. It was not necessary that the warrant disclose any particular transaction of sale, and upon her waiving the introduction of evidence the justice of the peace was authorized to base his findings on the warrant and waiver without the specification of any particular transaction. If the defendant had desired particular information she should not have waived preliminary examination. The state would then have been obliged to satisfy the justice of the peace that the offense of selling intoxicating liquor had been committed by evidence of some transaction or transactions, his findings would have been based on the evidence, and the defendant would have had notice of what it disclosed.

At the preliminary examination the conduct of the defendant for two years preceding the filing of the complaint and the issuing of the warrant was open to investigation. The charge in the warrant of selling intoxicating liquor on February 20, 1913, did not limit the state to that date because the date was not descriptive of the offense. When the defendant waived preliminary examination she left it open to the prosecutor when framing the information to charge the selling of intoxicating liquor at any time within the statute of limitations, and to prove the charge by evidence of a sale or sales occurring within the same time limit. Consequently the defendant suffered no prejudice because the offense of selling intoxicating liquors, charged in the information as of February 20, was established by proof of a sale to Walter Garvin on August 13. This matter, occurring after the plea in abatement was overruled, is not assigned as error, but it is referred to to carry the discussion to its proper conclusion.

In the foregoing the court has announced no new doctrine. It has merely applied what are well-settled principles of law to the crime of selling intoxicating

liquors under the new statute which aggravates the penalty for persistent violators. What the defendant seeks to do is to escape the established law that a charge of selling intoxicating liquor is sufficiently specific to apprise the defendant of the nature of the accusation. If the law is to be changed it must be by the legislature.

The petition for a rehearing is denied.