The State v. Wilson.

No. 23,726.

THE STATE OF KANSAS, *Appellee,* v. O. R. WILSON, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Information—Limit of Time in Which Unlawful Sales May Be Proven.* Under an information charging a sale of intoxicating liquor between specific dates, evidence of the sale of such liquor at any time within two years prior to the filing of the information may be introduced, although the dates of such sales are not included within the dates set out in the information.

2. SAME—*Evidence—Bottles With the Labels Thereon Competent.* On a prosecution for unlawfully selling intoxicating liquors, it is proper for the state to introduce in evidence the bottles, together with the labels thereon, in which the liquors were sold and to introduce in evidence other bottles of like size and character with like labels.

3. SAME—*Sales of Cherry Extract—Proper Instruction Concerning the Same.* The evidence tended to prove sales of cherry extract. The court properly instructed the jury concerning the sales of such articles.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed December 10, 1921. Affirmed.

*Walter L. Bullock,* of Dodge City, for the appellant.

*Richard J. Hopkins,* attorney-general, and *W. C. Gould,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted of having violated the prohibitory liquor law, and appeals.

1. The information was filed June 16, 1921, and charged violations between January 1, 1921, and May 1, 1921. On the trial, evidence was offered tending to show sales made in October, 1920. The defendant objected to that evidence because the information charged sales in 1921. The information, by leave of court, was amended over the objection of the defendant so as to include October, 1920. The amendment did not change the charge and was therefore permissible under section 72 of the code of criminal procedure. (*The State v. King,* 92 Kan. 989, 992, 142 Pac. 296.) Incidentally, it may be stated that the evidence was entirely proper without any amendment; evidence was admissible to show any sale made at any time within two years prior to June 16, 1921. (*The State v. Gill,* 63 Kan. 382, 65 Pac. 682.)

2. The defendant complains of the introduction of evidence. The evidence tended to show that he had sold cherry extract contained

in bottles. Bottles that had been purchased, or that were of the same size and character and with the same label as those purchased, were introduced in evidence over the objection of the defendant. He claims that was error. The testimony showed the purchase of large quantities of cherry extract. It was proper to introduce the bottles purchased, together with the labels thereon, or bottles of the same size and character and with like labels, for the purpose of showing what the bottles purported to contain.

3. The defendant complains of the following instruction:

"7. If the defendant in fact sold extracts as claimed in the information, and if such extracts were intoxicating within the meaning of the statute, then it would be no defense that defendant may have sold them in good faith or without any knowledge that said Ames intended to or did use such extracts for beverage purposes."

This instruction cannot be understood without the consideration of the one preceding it. It was as follows:

"6. As already stated, the state must prove beyond a reasonable doubt, among other things, that the extracts claimed to have been sold in this case were intoxicating within the meaning of the statute. Whether or not it comes within the prohibition of the statute is a question for the jury to determine. In this connection, you are instructed that the statute makes the sale of all intoxicating liquors an offense, and it includes all compounds and mixtures which contain alcohol in sufficient quantities to produce intoxication. If the compound or preparation be such that the distinctive character and effect of intoxicating liquors are gone and its use as a beverage is rendered undesirable or practically impossible by reason of other ingredients, and the liquor is used merely as a vehicle for the preservation of other ingredients or to extract their virtues and hold them in solution, the article will not be within the prohibition of the statute. The test for determining what compounds or preparations may be considered intoxicating within the meaning of the statute is as to the capability of the article in question for use as a beverage. In determining whether or not the extracts claimed to have been sold in this case were or were not intoxicating within the meaning of the statute, the jury are authorized to consider the nature and constituent elements of the extract, its ordinary use, its susceptibility to use as an intoxicant, the extent of such use, and all other facts and circumstances shown in the evidence bearing upon the matter."

This contention of the defendant is disposed of by *The State v. Miller*, 92 Kan. 994, 142 Pac. 979. There the court, commenting on the sale of Jamaica ginger, said:

"If the liquor be such that the distinctive character and effect of intoxicating liquor be absent, it is outside the statute; if the distinctive character and effect of intoxicating liquor be present, it is within the statute. The fact is to be determined by the jury, or by the court when sitting as a trier of the facts." (p. 1004.)

The evidence conclusively showed that the purchaser drank cherry extract and became intoxicated thereby, and strongly tended to show that the defendant knew when he sold the articles to the purchaser that the latter intended to use them as a beverage.

The judgment is affirmed.