State v. Speck.

---

No. 26,856.

THE STATE OF KANSAS, *Appellee*, v. H. O. SPECK, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Evidence—Sufficiency.* In a prosecution under the prohibitory liquor law, the evidence considered and held sufficient to support the verdict of the jury, which included a finding that compounds known as Old Monticello, Lyko and Hufflands were fermented liquors, and were purchased and used for beverage purposes in sufficient quantities to cause intoxication.

2. SAME—*Election of Counts.* An election by the state to rely for conviction upon certain counts of the information instead of upon certain named transactions was not error.

3. SAME—*Instructions.* The instructions considered, and held not to have been improper.

4. SAME—*Generally.* Various alleged errors considered, and held not to be of substantial merit.

Appeal from Ness district court; ROSCOE H. WILSON, judge. Opinion filed May 8, 1926. Affirmed.

*A. S. Foulks,* of Ness City, *D. A. Banta,* of Great Bend, and *Jerry E. Driscoll,* of Russell, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Andrew F. Schoeppel,* county attorney, and *Lorin T. Peters,* of Ness City, for the appellee.

---

Intoxicating Liquors, 33 C. J. pp. 713 n. 58, 767 n. 45, 774 n. 14, 791 n. 43.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction under the prohibitory liquor law and anticigarette law, on four counts for the sale of intoxicating liquor, on two for having it in possession, and on two for the sale of cigarette papers.

The defendant admitted selling compounds known as Old Monticello, Lyko and Hufflands, but contends that they are not classed as intoxicating liquors and are not presumed to be intoxicating, but, on the contrary, are commonly used and sold by druggists and kept for sale for medicinal purposes. He argues that the alcohol used in them was for preservative purposes; that the distinctive character and effect of intoxicating liquor was absent, and that they were not, therefore, within the purview of the statutes. There was evidence that both Old Monticello and Hufflands contained eighteen per cent alcohol and Lyko twenty-three per cent, and that they were fermented liquors.

In *State v. Kane*, 114 Kan. 426, 429, 219 Pac. 281, it was said in the opinion:

"The fact that various tinctures, extracts and essences are manufactured and ordinarily sold for other purposes than as a beverage does not prevent their sale from being a violation of the prohibitory law, when in fact they are used as intoxicants and are found to be intoxicating liquors within the meaning of the statute."

There was ample evidence in the instant case to sustain the general finding and verdict of the jury that the compounds were fermented liquors, and were purchased and used for beverage purposes in sufficient quantities to cause intoxication. Under the circumstances, their sale was a violation of the statute. (*State v. Miller*, 92 Kan. 994, 142 Pac. 979; *State v. Wilson*, 110 Kan. 131, 202 Pac. 860.)

On motion, the state elected to stand upon eight of the thirty-two counts charged in the information. The defendant contends that the state should have been required to say which particular transaction or transactions it relied upon for conviction. We are of the opinion that the state's election was sufficiently definite. The election to stand upon specific counts indicated that the state relied upon evidence of the transactions bearing upon and supporting the allegations of these particular counts. The jury apparently had no difficulty in applying the evidence adduced to the counts designated by the state.

Complaint is made that the instructions referred to the numbered counts and failed to refer to the specific transactions which the state would rely upon for conviction. The contention is not meritorious. The evidence with reference to and supporting particular counts which were enumerated in the instructions given by the court was sufficiently clear that the jury undoubtedly had no difficulty in making the proper application.

Other complaints have been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.