[No. 18778.  Department One.  September 23, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS
WALTON, *Appellant*.[1]

HOMICIDE (62)—EVIDENCE—THREATS BY DECEASED—ADMISSIBILITY.
In a homicide case, in which it. appears that the accused was the
aggressor and did not act in self-defense, it is not error to exclude
evidence of threats made by the deceased against the accused which
were not communicated to or known by the accused.

SAME (125)—NEW TRIAL—GROUNDS—SUFFICIENCY OF EVIDENCE. A
new trial in a homicide case should not be granted for lack of any
evidence as to who was the aggressor, where the accused's statement
to the prosecuting attorney that he was the aggressor was uncon-
tradicted.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered November 21,
1923, upon a trial and conviction of murder.  Affirmed.

*T. M. McKinney* and *John C. Hurspool,* for appel-
lant.

*A. J. Gillis,* for respondent.

HOLCOMB, J.—Appellant, an inmate of the state peni-
tentiary, was charged and convicted of murder in the
first degree by stabbing to death one S. P. Burt, a
fellow convict.  From a verdict and sentence of death,
this appeal is taken.

The errors assigned are (1) the court erred in ex-
cluding evidence of threats by the deceased against
appellant; (2) in denying appellant's motion for a new
trial.

The contention of appellant under the first assign-
ment is that, since the jury were authorized by § 2392,
Rem. Comp. Stat., to fix punishment at death or life
imprisonment, a special verdict being submitted to

[1]Reported in 228 Pac. 841.

them as to whether the death penalty should be inflicted, the jury were entitled to as full and complete information as to the relations and attitude between the parties prior to the homicide as could be furnished them. No citation of authority is made by counsel for appellant in support of this contention.

It is asserted that there was no evidence as to which of the parties, the defendant or the deceased, was the aggressor, and that this evidence was admissible for the purpose of tending to show circumstantially that the deceased may have been the aggressor. On the contrary, there is evidence in the record, by the uncontradicted statement of appellant to the prosecuting attorney, which shows that appellant was the aggressor. He stated that he had made the knife with which the homicide was committed, and completed it in his cell about three days prior to the homicide. From that time until the night of the homicide he had carried the knife concealed within his clothes. His statement showed animus toward the deceased, and did not show animus on the part of the deceased towards him. He did not go upon the stand to testify in his own behalf, and there was no showing of self-defense.

While it is true, that on the question of which was the aggressor in homicide cases, where it is uncertain, threats on the part of either may be shown as showing the motive or intent on the part of the other, that is only true in the case of the accused where self-defense is interposed as justification.

The nature of the relations existing between the parties cannot be shown on the part of the state or the defendant by the conduct and declarations of the deceased not known to the defendant at the time of the homicide. *State v. Reed*, 53 Kan. 767, 37 Pac. 174; *Weyrich v. The People*, 89 Ill. 90. Such statements, however,

which have been communicated to the defendant are admissible. *O'Boyle v. Commonwealth,* 100 Va. 785, 40 S. E. 121. Facts not known to the defendant are not admissible to show his apprehension of danger. *People v. Cook,* 39 Mich. 236.

The evidence of the witnesses which was stricken and excluded by the trial court was so stricken and excluded after it had been shown on cross-examination of each of the four witnesses so testifying that threats which they testified they had heard at times from one day to three weeks previous to the homicide had never been communicated to appellant. Appellant himself in his statement to the prosecuting attorney made no statement that any threats by the deceased had been heard by, or communicated to, him.

The argument on the denial of the motion for a new trial is based upon the fact that it is asserted that there was no evidence as to how the struggle between appellant and the deceased arose, and that, so far as the record discloses, the deceased may have been the aggressor. That the contrary is true is shown by the uncontradicted statement made by appellant to the prosecuting attorney.

While regardful of human life, and that it shall not be improperly forfeited, even under the forms of law, we are convinced that there was no error in the matters complained of, and that the verdict and sentence must be upheld.

The judgment is affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.