# JULY TERM, 1894.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice. .
Hon. WILLIAM A. JOHNSTON, ⎱ Associate Justices.
Hon. STEPHEN H. ALLEN, ⎰

THE STATE OF KANSAS, *on the relation of John T. Little, Attorney General*, v. JOHN SPENCER.

VALID STATUTE—*Section Lines as Highways.* Chapter 229 of the Laws of 1889, declaring section lines in Gove and other counties public highways, is constitutional, as a proper tribunal is constituted by the provisions of the act, so that the landowners can claim and receive damages for the land taken for highways.

*Original Proceeding in Mandamus.*

THE opinion herein, filed July 6, 1894, states the material facts of the case.

*E. A. McMath*, for plaintiff.
*I. T. Purcell*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: This is an original proceeding in this court, to obtain a peremptory writ of *mandamus* compelling the defendant, John Spencer, as road overseer of road district No. 2, Grainfield township, Gove county, to open up certain highways, and remove obstructions therefrom.

The principal and only question involved in this case is the constitutionality and application of chapter 229 of the Laws 1889, entitled "An act declaring all section lines in the counties of Seward, Meade, Haskell, Grant, Garfield, Gray,

Gove, Logan, Wallace and Stevens public highways," which took effect March 27, 1889. The legislature has the power to declare section lines public highways, provided compensation is allowed to the landowners for the land taken. The questions of utility, convenience and practicability have all been considered and decided by the legislature, as well as the location of the highways and the limits of their extent and width. (*Hughes v. Milligan,* 42 Kas. 396; *Kent v. Comm'rs of Labette Co.,* 42 id. 534.) The provisions of the act provide for a tribunal before which the landowners may make their claims for damages. It is not necessary, where the state or a municipal corporation takes private property, that the compensation shall be first paid, if provision is made for its payment, and a proper tribunal constituted, so that the landowner may make his claim for and receive damages. (*Hughes v. Milligan,* supra; *Kent v. Comm'rs of Labette Co.,* supra.) Section 12 of the general road law (¶ 5485, Gen. Stat. of 1889) provides that

"It shall be the duty of each and every road overseer to open or cause to be opened all county and state roads and highways which have been or may hereafter be laid out or established through any part of the district assigned to such overseer, first giving notice to the owner or owners, or their agent or agents, if residing in the county, through whose inclosed or cultivated lands such road is laid out or established, notifying such owners aforesaid to open said road through their lands within 90 days after service of such notice." (See, also, § 27, ¶ 5500, Gen. Stat. of 1889.)

The decisions of this court, ruling that the statutes declaring section lines to be public highways are unconstitutional because no provision was made for compensation to the landowners, do not apply to this case, as provisions for the payment of damages are contained in chapter 229, Laws of 1889. With the wisdom or policy of the statute, we have no concern. Presumably the statute was passed at the instance of members of the legislature from Gove and other counties referred to therein. The peremptory writ will be awarded as prayed for.

All the Justices concurring.