THE STATE OF KANSAS v. W. A. MUMFORD.
No. 14,196.   (79 Pac. 669.)

SYLLABUS BY THE COURT.

1. GRAND LARCENY—*Sufficient Description of Property.*   An information for grand larceny that charges the defendant with stealing "one head of neat cattle, to wit, a steer about three years old, a more particular description of which the informant is not now able to give," is sufficiently definite.

2. ——— *Evidence Sufficient.*   The evidence examined and reviewed, and held to be sufficient to sustain a conviction of grand larceny.

Appeal from Elk district court; GRANVILLE P. AIKMAN, judge.   Opinion filed February 11, 1905. Affirmed.

*C. C. Coleman*, attorney-general, and *A. T. Ayers*, county attorney, for The State.

*S. S. Kirkpatrick*, for appellant.

The opinion of the court was delivered by

WILLIAM R. SMITH, J. :  The appellant, W. A. Mumford, with one Tom Scott, was convicted of stealing a steer, the property of G. W. Parish.   The appeal of Scott was dismissed.   (*The State v. Scott, ante,* p. 692, 79 Pac. 126.)

The information charged that on or about December 30, 1903, the defendants, Scott and Mumford, "did unlawfully and feloniously steal, take and carry away one head of neat cattle, to wit, a steer about three years old, and a more particular description of which the informant was not then able to give."   The first point raised is that this description of the animal stolen is not sufficiently definite.   We think otherwise. See *The State v. Segermond*, 40 Kan. 107, 19 Pac. 370,

10 Am. St. Rep. 169 ; *The State v. Combs*, 47 id. 136, 27 Pac. 818 ; *The State v. McAnulty*, 26 id. 533 ; *The State v. Ready*, 44 id. 697, 26 Pac. 58. In the last case it was said :

"It is almost universally held by courts of last resort everywhere that where there is an allegation in the indictment or information that a more particular description could not be given for some sufficient reason, a general one, as contained in this information, is sufficient." (See, also, Bish. New Crim. Proc. § 705.

It is contended in the case of Mumford that the evidence was insufficient to justify a verdict of guilty.

Parish had a corral containing four or five acres in which he was fattening some cattle for market. Adjoining this on the east was another field of some twenty-five acres in which stock cattle were kept. Some time before December 30, 1903, he took the steer in question out of the smaller lot and placed him in the larger one for the reason that he disturbed the other cattle. On December 30 Parish missed the animal. He was found the next day or the day following at the farm of a Mr. Bruton, a mile and one-half distant, where he had been fed and kept before.

On examination no broken place was found in the lot where the steer was kept. Through the gate leading out at the southeast corner of the enclosure the tracks of a "cow brute" were found by the owner. Beyond another gate to the southeast Parish saw tracks of a "cow brute," and of two horses near to them. At a third gate further southeast Parish saw tracks of a "cow brute" and two horses, the tracks of one horse appearing a little larger than the other.

On the night of December 30 Scott and Mumford were seen between the hours of eleven and twelve o'clock at a point one-half mile south of the last gate

through which the steer tracks were noticed. They came from the east and turned into a pasture. The steer was in this pasture at the time near the gate. Scott and Mumford were at this time about two and one-half miles west of where they resided, and west of the public road which led from the north directly south to where they lived. Immediately on being seen they spurred their horses and disappeared to the south and were not seen again.

Between twelve and one o'clock the same night a Mr. Bruton saw the steer near his cow lot. The next morning on examination he found that the hair on the steer was standing up or curled, and that he was scouring. This condition he testified would be brought about by the animal's running. The steer was fed twenty ears of corn a day while confined in Mr. Parish's lot. A witness, Virgil Roberts, who saw Scott and Mumford on the night mentioned was not nearer to them than 100 yards, but identified them by the horses they rode. He described the steer as red in color and about 1100 pounds in weight. This corresponded with the description given by the prosecuting witness. It was shown that Mumford was in the feed-lot of Parish a few days prior to the alleged larceny and heard a conversation respecting the steer in question.

The testimony was not strong against the parties, yet we cannot say that it was insufficient to sustain the verdict. It received the approval of the trial court who saw the witnesses and heard the testimony. (*The State v. Hunter,* 50 Kan. 302, 306, 32 Pac. 37, and *The State v. Stewart,* 24 id. 250.)

The judgment is affirmed.

All the Justices concurring.