No. 25,458.

THE STATE OF KANSAS, *Appellee,* v. JAMES L. STIFF, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Receiving Property Known to be Stolen—Jury Empaneled and Sworn—Defendant Once in Jeopardy—Jury Discharged Without Defendant's Consent and for No Statutory Reason—Defendant Cannot Be Again Placed in Jeopardy for Same Offense.* A person who is brought to trial on an information which, although defective, sufficiently charges an offense to sustain a judgment on a verdict of guilty, is placed in jeopardy when the jury is sworn to try the cause; and, where the jury is afterward discharged for a ·reason other than one of those contained in section 60-2914 of the Revised Statutes, he cannot be again brought to trial for the same offense charged in another informmation.

2. SAME—*Jury Wrongfully Discharged Without. Defendant's Consent.* A defendant charged with a criminal offense cannot be said to have consented to the discharge of a jury without a verdict where, before pleading, his motion to quash the information had been denied and afterward a jury had been sworn to try the cause and was discharged before the introduction of evidence without the request of the defendant other than by his motion to quash the information.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed December 6, 1924. Reversed.

*L. D. Moore,* of Winfield, for the appellant.

*Charles B. Griffith,* attorney-general, *Frank C. Baldwin,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of having knowingly received $1,400 in government bonds that had been stolen from the Benton State bank, in Butler county.

1. The defendant argues that he has been twice put in jeopardy for this offense. On November 28, 1920, an information was filed against him charging him with the commission of the offense, but in the charging part of the information it was not alleged that the offense had been committed in Cowley county. The parts of the information material in the consideration of the question presented were as follows:

"*In the District Court of Cowley County, Kansas.*
STATE OF KANSAS, *Plaintiff*, v. JAMES L. STIFF, *Defendant.*
INFORMATLON.

"Comes now Ellis Fink, county attorney of Cowley county, Kansas, and gives the court to understand and be informed:

"That on or about the 12th day of September, 1919, the defendant, James L. Stiff, did then and there unlawfully, feloniously and knowingly receive and purchase the following described personal property . . . all of the aggregate value of $1,400, the said property then and there having lately before been feloniously stolen, taken and carried away from The Benton State Bank, . . . and he, the said James L. Stiff, then and there, at the time he received and purchased said personal property as aforesaid, well knew said personal property to have been so stolen as aforesaid . . . ELLIS FINK, *County Attorney.*

"*State of Kansas, Cowley County, ss:*

"Ellis Fink, being first duly sworn, on his oath states that he is the county attorney of Cowley county, Kansas; that he has read the above and foregoing information, and that the statements and allegations therein contained are true as he is informed and verily believes. ELLIS FINK.

"Subscribed and sworn to before me this 26th day of November, 1920.

"ANNA L. TONKINSON,

(Seal.) "*Clerk of the District Court.*"

When the case was first called for trial, on November 29, 1920, the defendant filed a motion to quash the information. The motion alleged "that the information does not state facts sufficient to constitute a public offense under the laws of the state of Kansas." No defect in the information was called to the attention of the court. That motion was denied on December 1, 1920. On the next day a jury was impaneled and sworn to try the cause. After the jury had been sworn and while making the opening or trial statement to the jury, counsel for the state discovered that the information did not specifically charge that the offense had been committed in Cowley county, and asked leave to amend the information so as to allege that the offense had been committed in that county. The court denied the application, set aside the order denying the motion to quash the information, entered an order sustaining that motion,

and discharged the jury from further consideration of the cause. Afterward another information was filed charging exactly the same offense and charging that it had been committed in Cowley county. To that information the defendant pleaded that he had been tried for the offense charged therein, and set out in his plea the facts as above stated. The court denied the plea of former jeopardy and compelled the defendant to go to trial. The trial resulted in a verdict of guilty, and judgment was pronounced thereon. From that judgment the defendant appeals.

Part of section 10 of the bill of rights of the constitution of this state reads:

"No person shall . . . be twice put in jeopardy for the same offense."

The rule is that, when a person, charged with the commission of a crime, is brought to trial, and a jury is impaneled and sworn to try the cause, jeopardy attaches; and if for any reason other than those mentioned in section 60-2914 of the Revised Statutes, the jury is discharged without reaching a verdict, the defendant cannot again be tried for that offense. Section 60-2914 of the Revised Statutes reads as follows:

"The jury may be discharged by the court on account of the sickness of a juror, or other accident or calamity, or other necessity to be found by the court requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

In *The State v. Reed,* 53 Kan. 767, 37 Pac. 174, this court said:

"The discharge of a jury before the completion of a trial, without the consent of the accused, and without sufficient reason, will ordinarily bar a further trial." (Syl. ¶ 1.)

In *The State v. Allen,* 59 Kan. 758, 54 Pac. 1060, this court said:

"Where a defendant has been placed upon trial on a criminal charge and the jury is duly impaneled and sworn, the court cannot arbitrarily discharge the jury before a verdict is returned; and a discharge in such case unless an absolute necessity, and for reasons which are sufficient in law, will operate as an acquittal.

"The essential facts upon which the discharge is based, and the finding of the court thereon, must be entered of record, and unless the record shows the existence of such facts and the decision of the court thereon, and that they constitute sufficient grounds for discharge, the defendant cannot again be put on trial for the same offense." (Syl.)

No reason coming within the provisions of 60-2914 of the Revised Statutes is shown for the discharge of the jury on the trial of the defendant under the first information.

The following language is found in 16 C. J. 237:

"A defendant in a criminal prosecution is in legal jeopardy when he has been placed upon trial under the following conditions: (1) Upon a valid indictment or information; (2) before a court of competent jurisdiction; (3) after he has been arraigned; (4) after he has pleaded to the indictment or information; and (5) when a competent jury have been impaneled and sworn."

All the conditions that constitute jeopardy are found in the present case, unless it be that of a valid information. This subject will be discussed.

As noted in the quotation from 16 C. J. 237, there is this qualification of the rule concerning former jeopardy—that if the indictment or information on which the person is first tried does not charge an offense sufficiently to sustain a judgment or conviction on a plea of guilty or on a verdict of guilty, jeopardy does not attach because there is no valid information and consequently no offense charged. In 16 C. J. 241 is found the following:

"Subject to the qualifications hereafter stated, the general rule is that, in order that jeopardy may attach, there must be a valid indictment, information, or complaint. . . . So where the indictment or information is so defective in form or substance that it will not support a conviction, it cannot form the basis of proceedings which will put defendant in jeopardy and bar another prosecution. But if the indictment is not so defective that it will not be cured by the verdict, then the accused has been in jeopardy, and the plea of *autrefois* acquit will be good."

The first information filed against the defendant sufficiently charged the offense unless it be that the information did not state where the offense had been committed. Did the failure of the information to charge specifically, in the charging part thereof, that the offense had been committed in Cowley county render the information so defective that if the defendant had pleaded guilty thereto, judgment could not have been pronounced against him?

In *Guy v. The State*, 1 Kan. 448, is found a discussion of a question closely analogous to the one now under consideration. This court there said:

"An objection to an indictment commencing as follows: 'In the second judicial district sitting in and for the county of Doniphan, March term, 1862. The State of Kansas v. Alfred Guy: Indictment. The jurors of the grand jury, selected, empaneled and sworn in and for the body of said county, charged to inquire of offenses committed within the said county, in the name and by the authority of the state of Kansas, upon their oaths do present and find that Alfred Guy,' etc., on the ground of its omitting to set forth that the grand jury were of the county of Doniphan, is not well taken. Such an omis-

The State v. Stiff.

sion is not one of the causes specified in section 260, criminal code, for the arrest of judgment, and not available in a motion under that section." (Syl. ¶ 1.)

"The defect alleged in this indictment is, that it does not appear from the face of the indictment that it was found by a grand jury of the county in which the court is held. The omission to set forth that the grand jury were of the county of Doniphan seems not well taken, when the name of the county is correctly laid in the margin, as in this case. At common law it does not seem to have been the practice to repeat the name of the county in the caption, but only to refer to the name in the margin as in the said county." (p. 452.)

In *The State v. Harp,* 31 Kan. 496, 500, 3 Pac. 432, the following language is found:

"If the offense charged in the information is stated with such a degree of certainty that the court could pronounce judgment upon conviction according to the right of the case, we are not now to interfere."

Cases closely analogous and directly parallel to the present one are found in the decisions of the supreme courts of other states. In *Lawson and Swinney v. The State,* 20 Ala. 65, the following language is used in the headnotes:

"An indictment is good which purports to be found by 'the grand jurors for the said state, sworn and charged to inquire for the said county,' when the names of the state and proper county are stated in the margin." (Syl. ¶ 2.)

To the same effect is *The State v. Moore,* 203 Mo. 624, where the supreme court of that state in its syllabus to the decision said:

"Where an information correctly lays the venue in the margin, it is not invalid because the venue is not stated in the body of the information." (Syl. ¶ 3.)

The case of *The State of Iowa v. Reid,* 20 Iowa 413, is parallel to the present one. We quote from the information in that case as follows:

"The State of Iowa v. William Emerson, George Reid, James Green, and Charles Fields.

*"District Court of the County of Dubuque.*

"The grand jury of the county of Dubuque, in the name and by the authority of the state of Iowa, accuse William Emerson, George Reid, James Green, and Charles Fields of the crime of burglary, committed as follows: The said William Emerson, &c., (giving the other names), heretofore, to wit: On the night of the 5th day of March, A. D., 1865, about the hour of eleven of the clock in the night, of said day, the dwelling house of William L. Bradley, there situate, feloniously and burglariously,' &c.

"After the trial and verdict of guilty, defendant moved in arrest of judg-

ment and for a new trial, because, among other things, the indictment failed to lay the venue, &c., and the sufficiency of the indictment as against this objection, when urged in arrest, is the first question discussed by counsel.

"It must be admitted that in this respect the indictment is greatly wanting in that clearness and certainty which it is always desirable to find in such pleadings. And yet it seems to us that there need be but little difficulty in determining what was intended by the pleader. The words *'there situate'* must refer fairly and reasonably to the county of Dubuque, for that is the only place named in the preceding part of the indictment. True, the 'state' is named, but rather as indicating the *'authority'* rather than a *place*. And in view of the liberal, and we may add just and reasonable provisions of our statute, as to objections of this kind, *urged after verdict,* we have but little hesitation in holding that the motion as to this cause was properly overruled. (Rev. §§ 4659, 4660.) It is impossible for us to see how defendant was or could be prejudiced in any of his substantial rights by the defect complained of; and if not, then the statute is express that the trial, judgment or proceedings shall not be thereby affected." (p. 417.)

The Iowa case is directly in point. If the reasoning is good, there is no reason apparent why the rule followed by the Iowa court should not be followed here.

Section 62-1718 of the Revised Statutes reads:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

When we consider that statute and compare it with what the supreme court of Iowa said concerning a similar provision of their statute, the decision of the Iowa supreme court becomes very persuasive.

In *Eaves v. The State,* 113 Ga. 749, 754, the court said:

"The indictment in this case had not the prescribed caption giving the state and county, but, instead, gave the state and the name of the court. It was contended that the allegation that the offense was committed 'in the county aforesaid' had nothing to which to relate, and that, for this reason, the indictment failed to set forth the state and county in which the crime was alleged to have been committed. An examination of the indictment will show that, preceding the expression 'in the county aforesaid,' there were recitals that the grand jurors were selected for the county of Bartow, and that the charge was in the name and behalf of the citizens of Georgia. These recitals, taken in connection with the caption 'state of Georgia, Bartow superior court,' were sufficient to show clearly that the words 'in the county aforesaid' related to Bartow county, state of Georgia. This state and county had been set out, and no other state or county mentioned or referred to. It was, therefore, proper to overrule the motion to quash the indictment on this ground."

The State v. Stiff.

In *Commonwealth v. Edwards,* 70 Mass. 1, two of the headnotes are as follows:

"In this commonwealth an indictment, which purports by its caption to have been found at a court of common pleas for the county of Hampshire, and in the body of which 'the jurors for said commonwealth on their oath present,' sufficiently shows that it was returned by the grand jury for the county of Hampshire.

"In this commonwealth, an indictment which purports by its caption to have been found at a court of common pleas for the county of Hampshire, and charges an offense at a town named 'in said county,' alleges with sufficient certainty the place of the commission of the offense."

In *Vick v. State,* 69 S. W. 156, a case from the Texas court of criminal appeals, the court said:

"The information lays the venue in Schleicher county, as follows: 'Duke Stone, county attorney of the county of Schleicher, . . . presents in the *county court of said county* . . . that John Vick did . . . unlawfully and fraudulently take, . . . with the intent then and there,' etc. This information sufficiently lays the venue in Schleicher county. The court properly overruled appellant's contention in this regard."

In *The State v. S. A. L.,* 77 Wis. 467, the syllabus reads as follows:

"Where a county is named in the caption of an information by an officer describing himself as the district attorney of that county, an allegation that the offense was 'then and there' committed sufficiently shows that it was committed in said county."

In the present case, the information, after stating the court in which it was filed and that the county attorney was the county attorney of Cowley county, alleged that the defendant "then and there" did the things charged. The information was then signed by the county attorney. The affidavit of the county attorney to the information was sworn to in Cowley county before the clerk of the district court. The defendant was not and could not have been misled by the information. It completely charged the offense, but it may be that it defectively stated where the offense had been committed. That defect, if it were a defect, was a very technical one. It did not violate any substantial right of the defendant. A valid judgment could have been pronounced upon conviction under the first information. The defendant was brought to trial and was placed in jeopardy on that information, and the jury after being sworn was discharged without any of the reasons given in section 60-2914 of the Revised Statutes being named.

2. The state argues that the defendant brought about his discharge through his motion to quash the information. On the hearing of the motion, if attention had been called to the fact that the information did not in the body of it specifically charge that the offense had been committed in Cowley county, the court might very well have required the state to amend the information and then have overruled the motion. The court did not do that. It denied the motion and compelled the defendant to go to trial. The trial was then commenced, and jeopardy attached. When the defect in the information was finally called to the attention of the court, it could have then permitted an amendment and proceeded with the trial, but that was not done. The jury was discharged, and, under the decisions of this court, that amounted to an acquittal. (*The State v. Reed,* 53 Kan. 767, 37 Pac. 174; *The State v. Allen,* 59 Kan. 758, 54 Pac. 1060.)

The judgment is reversed, and the defendant is discharged.

DAWSON and HOPKINS, JJ., dissenting.