State v. Madden.

No. 26,307.

THE STATE OF KANSAS, *Appellant*, v. ROY MADDEN, *Appellee*.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Former Jeopardy—Liquor Prosecution.* The facts alleged in a plea in abatement in a liquor prosecution set out in the opinion examined, and held to show that defendant had already been in jeopardy for the offense on which it was sought to prosecute him and to constitute a good plea in abatement against the state's demurrer thereto.

Appeal from Norton district court; WILLARD SIMMONS, judge. Opinion filed July 11, 1925. Affirmed.

*Charles B. Griffith,* attorney-general, *W. A. Smith,* assistant attorney-general, and *Robert W. Hemphill,* county attorney, for the appellant.

*J. F. Bennett,* of Smith Center, and *W. E. Mahin,* of Osborne, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Defendant was convicted before a justice of the peace of having unlawful possession of intoxicating liquors. He appealed to the district court, and when the cause came on for hearing, after a jury had been impaneled and sworn, his counsel filed a motion for his discharge and to dismiss the case for the reason that the certified complaint on which he had been convicted before the justice had not been filed in the district court as the statute directs. (R. S. 63-401.) The state asked leave to amend by allowing the complaint to be certified and filed. Defendant objected. Colloquy followed, in which the court and counsel for the parties participated, culminating in a motion by the state to dismiss without prejudice, which motion was sustained. These matters were afterwards embodied in a plea in abatement, which, in part, reads:

[Counsel for defendant:] "The defendant objects, as the amendment would be in substance after the plea, in substance and form after the plea.

"The Court: It may be possible that the state may amend, but if the defendant objects, the supreme court has held and this court must hold that trial cannot proceed at this time.

[Counsel for the state:] "The state asks permission to dismiss the proceeding now pending without prejudice to future action.

[Counsel for defendant:] "We object to a dismissal without prejudice, for reason that this matter is a matter of jeopardy. Jeopardy in the justice's

Criminal Law, 16 C. J. 391; 8 R. C. L. p. 560; 4 R. C. L. Supp. p. 526; 5 R. C. L. Supp. p. 447.

court and in this court, and whether in this court or inferior court the defendant is in jeopardy.

"The Court: If the court permits the amendment at this time, will the defendant withdraw his objection to trial proceeding at this time?

[Counsel for defendant:] "No, sir; we should say not, nor at any other time.

"The Court: As suggested, the court cannot permit the amendment and proceed. The state has moved to dismiss. If they prefer they may amend, and in the cases suggested in supreme court the question is very fully discussed; but if the state desired time, I think the court should give a reasonable time for them to investigate before asking the court to pass on the matter at this time. This case has been delayed a considerable time, but I believe the state should take some time to investigate and not be called upon to decide hastily as to what their procedure might be. . . .

[Counsel for defendant:] "We never ask for time to look up the law. We always try to have our cases prepared before they are called for trial. The defendant at this time moves the court to dismiss the case for the reason that there was no proper and necessary pleadings on file; no certified complaint on file in this court; no certified or verified warrants in this court; no certified bond, and no other papers in this case being verified or certified, except the transcript of record, and for that reason asks that this case is dismissed.

"The Court: This motion is overruled and the state given a reasonable time. . . .

"(Jury admonished, 3:30 p.m., 2-13-24; excused for one hour, 4:30 p.m., 2-13-24. All parties present. Trial proceeds as follows:)

[Counsel for the state:] "Comes now the state in the above-entitled cause and moves the court to dismiss the prosecution without prejudice.

[Counsel for defendant:] "We object to that without prejudice.

[Counsel for defendant:] "I doubt whether the question of prejudice should be in the ruling; at least we are not agreeing to it. I am just making this suggestion so that we lose no rights.

[Counsel for the state:] "I don't think it makes a bit of difference in the dismissal.

"The Court: The motion of the state to dismiss is sustained."

The state then commenced this action by filing a new information charging the defendant with the same offense for which he had been convicted before the justice of the peace and which had been the subject of the abortive proceedings in the district court as above narrated.

Defendant filed a plea in abatement directed at the new information, setting up the antecedent litigation, and incorporating therein a transcript showing the defendant's motions to dismiss and discharge and the state's motion to dismiss without prejudice, and including also the colloquy set out above which had been a feature of the prior proceedings.

The state demurred to the plea in abatement. This was overruled. The state appeals.

Counsel for the state call attention to some of our decisions indicating what the trial court might have done when the appealed case was before it, but their significance is immaterial now because that appealed case was dismissed and a new action commenced in its stead. Before the state moved to dismiss the appealed case a jury had been impaneled and sworn to try the defendant. He was therefore in jeopardy, and that case had to be prosecuted to a finality or the offense for which defendant was then charged had to be abandoned altogether. (*The State v. Stiff,* 117 Kan. 243, id. 118 Kan. 208, and citations, 231, Pac. 48, 234 Pac. 700.) The state argues that defendant consented to the dismissal. The record reads otherwise. The matter contained in the plea in abatement expressly says the defendant's motion was overruled, and later the state's motion was sustained over defendant's objection and without his consent.

The other authorities cited by the state have been examined. We do not regard them as being sufficiently relevant to the question at bar to have any material bearing on the present question.

The judgment is affirmed.

DAWSON, J. (concurring specially): I concur in the judgment, not because I think defendant was in jeopardy in the district court at the time the appealed case was dismissed, for, indeed, I think he was not, and for this reason: In *The State v. Durein,* 65 Kan. 700, 70 Pac. 601, it was held that Durein, who had first been convicted before a justice of the peace and had appealed, could not be tried in the district court because the justice had failed to certify the complaint. This court said:

"Until a certified complaint exists, there is not, in legal contemplation, any complaint at all, and certain it is that no part of the trial of a criminal case can be had until there is a written charge against the defendant to which he can be called on to respond." (p. 702.)

Accepting that doctrine as settled (although I would not give it my independent approval), I insist on its obvious corollary and consequences, to wit, since there was in the district court, in legal contemplation, no complaint at all, the defendant was not in jeopardy. What was he in jeopardy of? What possibility of mischance could befall him? What was his peril? Peril of conviction!

Of what? Nothing; no charge against him; nothing on which sentence could have been pronounced. (*The State v. Hutzel,* 108 Kan. 456, 195 Pac. 887.) But the judgment of the district court has to be affirmed, in my opinion, because the defendant has once been prosecuted on this charge. He cannot be prosecuted again in a new and wholly independent action, on a new and wholly independent information, charging him with the identical offense for which he has already been convicted. The original proceeding should never have been abandoned. Defendant was in jeopardy in the first action— in the justice court, not in the district court. I wish to add, however, that I am not at all sure that anything has yet transpired to prevent the sheriff from making a belated execution of the original commitment issued by the justice of the peace pursuant to defendant's conviction in the justice court. (See *The State, ex rel., v. Piper,* 103 Kan. 794, 176 Pac. 626.)