### No. 31,813

The State of Kansas, *Appellee*, v. Tom Reynolds, *Appellant*.

(36 P. 2d 323.)

Opinion filed October 6, 1934.

*William Barrett* and *George Barrett,* both of Pratt, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *J. V. Severe,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The one legal question presented for consideration in this appeal is that of former jeopardy. The error assigned by the defendant is in the sustaining of the demurrer of the state to the plea in abatement of the defendant alleging former acquittal of the same offense and containing a motion to discharge the defendant on that account. When the demurrer to the plea in abatement was sustained, the motion to discharge the defendant was overruled. The same question was again raised by the defendant just before the trial, some weeks later, upon a motion to discharge, and after the trial and conviction by a similar motion in connection with the motion for a new trial, both of which motions to discharge, as well as the motion for a new trial, were overruled.

The plea in abatement showed that an information had been filed in the district court of Kiowa county, a short time prior to the filing of this case in Ford county, charging this same defendant with apparently the same offense,. and that after the defendant waived arraignment and pleaded not guilty in the district court of Kiowa county and a jury was impaneled and sworn to try the cause in Kiowa county and the first witness had been duly sworn, the defendant objected to the introduction of evidence in the case for the reason that the information failed to charge a public offense. The court sustained this objection and discharged the defendant. The plea in abatement further states that the court "did then and there discharge said jury from further consideration of said case without any sufficient or lawful reason therefor, and without the consent of said defendant." To the plea in abatement in this, the Ford county case, was attached a copy of the information filed in Kiowa county, which was claimed by defendant to be insufficient because it failed to give the name of the owner of the property taken and a more definite description of such property than "certain goods, wares and merchandise of the value of more than twenty dollars."

This objection of the defendant to the introduction of evidence in the Kiowa county case is very similar to that which is ordinarily

made before the arraignment and plea as a motion to quash the information on the ground of insufficiency, or that it does not charge a public offense. The delay, however, in making the objection until after the jury is sworn to try the cause places the defendant in jeopardy unless some of the necessary elements of former jeopardy are lacking.

Appellant calls our attention to R. S. 60-2914, which enumerates the grounds for which a court may discharge a jury, as sickness of a juror, accident, calamity or necessity, consent of parties, or improbability of their agreeing, none of which reasons exist here. Appellant also cites in support of the existence of one of these reasons, and that such be stated in the journal entry, which was not done here, the cases of *State v. Allen,* 59 Kan. 758, 54 Pac. 1060, and *State v. Reed,* 53 Kan. 767, 37 Pac. 174. The first of these cases had been fully tried upon its merits under a plea of not guilty, and it had been given to the jury for deliberation, and it was there held under the statute above cited that a discharge without a reason being assigned operates as an acquittal. The second case above cited was where a juror was sick, but because no formal record was made of the reason for the discharge, notwithstanding there was an abundance of facts and circumstances to establish such a reason, this court, after a full discussion of the statute, declined to say there was no good reason for the discharge of the jury.

Appellant cites and urges strongly the case of *State v. Stiff,* the opinion being reported in 117 Kan. 243, 234 Pac. 700, and the opinion on rehearing being in 118 Kan. 208, 234 Pac. 704. In this case, before the defendant had pleaded not guilty, he had filed a motion to quash the information for the reason "that the information does not state facts sufficient to constitute a public offense under the laws of the state of Kansas." The attention of the court was not called to any defects in the information. The motion to quash was denied, and the next day, after a jury had been impaneled and sworn to try the case, the county attorney asked to amend the information. The court denied this application, set aside the order denying defendant's motion to quash the information and sustained that motion, and also discharged the jury. The position of the court on appeal, and the grounds for its rulings, are set out in the syllabus of the first opinion, which are as follows and were adhered to in the rehearing:

"A person who is brought to trial on an information which, although de-

fective, sufficiently charges an offense to sustain a judgment on a verdict of guilty, is placed in jeopardy when the jury is sworn to try the cause; and, where the jury is afterward discharged for a reason other than one of those contained in section 60-2914 of the Revised Statutes, he cannot be again brought to trial for the same offense charged in another information.

"A defendant charged with a criminal offense cannot be said to have consented to the discharge of a jury without a verdict where, before pleading, his motion to quash the information had been denied and afterward a jury had been sworn to try the cause and was discharged before the introduction of evidence without the request of the defendant other than by his motion to quash the information." (Syl. ¶¶ 1, 2.)

The facts on which this opinion was based are very different indeed from those in the case at bar. In the latter we have the defendant objecting to the introduction of evidence after having been put in jeopardy, and his attorney pointing out the insufficiencies of the information, which go far towards making it invalid and such as might not sufficiently charge an offense as to sustain a judgment on a verdict of guilty. We also have the trial court sustaining the defendant's objection to the introduction of evidence, which of necessity disposes of the first case at the request and insistence of the defendant, instead of overruling the defendant's motion to quash, as in the Stiff case, and later reversing that ruling without any request from the defendant.

The case of *State v. Madden,* 119 Kan. 263, 237 Pac. 663, cited in this connection, is also very different from the one at bar, it being an appeal from a conviction of a misdemeanor in justice of the peace court, and after the jury was sworn in the trial in the district court counsel for the state moved to dismiss the case, which was done. It was not the appeal that was dismissed, but it was the case itself that the court dismissed on the motion of the state.

Appellant cites authorities to the effect that mere silence of the defendant, or his failure to object or protest against the discharge of the jury, does not constitute a consent to such discharge of the jury or in any way waive his constitutional rights against being subjected to a second jeopardy. To this we fully agree, but we can readily see a distinction between such conduct and the active pressing of an objection the sustaining of which will produce the same result.

Reference is made in the briefs of both parties to the statute and the decisions thereunder where property is taken by larceny in one county and brought into another, as to the jurisdiction being in

either, but no jurisdictional question is here involved, and we shall regard this as concerning one offense only.

In determining whether or not a former jeopardy existed in this case, we must first consider whether the information in the Kiowa county case was sufficient to sustain a conviction, and whether the sustaining of the objection made and urged by the defendant, which necessarily disposed of a jury trial, was with the consent of the defendant. The statutes of this state and the approved texts require that a statement of the facts constituting the offense of larceny be contained in the information, and R. S. 62-1007 carries this requirement to the name of the owner of property taken, and R. S. 62-1005 requires that the language of the information must be direct and certain as regards the party and the offense charged. The Kiowa county information nowhere named the owner of the property taken, but named the railroad company as being in charge of the premises or depot from which it was taken. But this defect may not be enough to make the information insufficient, although defendant named it in his objections as such a defect. It was held in *State v. Bartholomew*, 116 Kan. 590, 227 Pac. 366, that—

"In an information charging larceny, the title to the property may be alleged to be in the person in whose possession it was when it was stolen, although the ownership may be in some other person." (Syl. ¶ 1.)

In *State v. Urban*, 117 Kan. 130, 230 Pac. 77, it was held:

"In an information charging larceny the title to the property may be laid either in the owner or the person from whom the property was stolen." (Syl. ¶ 2.)

And in *State v. Pigg*, 80 Kan. 481, 103 Pac. 121, it was stated:

"The actual status of the legal title to stolen property is no concern of the thief. . ." (Syl. ¶ 6.)

The information, however, is very much less direct, certain and concise with reference to the description of the property said to have been taken. It charges the taking of "certain goods, wares and merchandise of the value of more than twenty dollars." The general rule seems to be that an article stolen should be described with such certainty as will enable the jury to decide whether the article proved to have been stolen is the very same as that charged in the information and show judicially to the court that it can be the subject matter of the offense charged and enable the defendant to plead his acquittal or conviction to a subsequent information relating to the same article.

In *State v. Tilney*, 38 Kan. 714, 17 Pac. 606, it was said:

"An information for larceny, where the only description of the property stolen is 'national bank notes, United States treasury notes, and United States silver certificates, money of the amount and value of one thousand dollars,' without any allegation of the inability of the prosecutor to give a more specific description, is insufficient and will be held bad on an objection seasonably made." (Syl.)

(See, also, *State v. McAnulty*, 26 Kan. 533; *State v. Segermond*, 40 Kan. 107, 19 Pac. 370; and *State v. Mumford*, 70 Kan. 858, 79 Pac. 669.)

These cases cited recognize and justify an excuse for failure to give a specific description of the property in the information, but no such excuse is found in the Kiowa county information.

In 36 C. J. 813 it is said:

"The character of the thing to which the charge relates must be set forth in the indictment with definiteness and certainty. It is not sufficient to describe the thing stolen merely as 'a parcel,' or as a 'case of merchandise,' or as 'a certain lot of furniture,' or as 'certain paper,' or 'certain tools,' or as 'certain property of the United States furnished for the military service.'"

We must conclude that certain goods, wares and merchandise is not such a definite and certain description as will enable the jury to decide upon a trial whether the proof furnished would establish the identity of the articles charged to have been taken, nor justify either court or jury in holding that the terms used referred only to smoking tobacco, cigarettes, towels or pecan nuts, as described in the Ford county information; neither is the indefiniteness and uncertainty excused in the Kiowa county information by any statement, which is tolerated and allowed in this and other states, to the effect that a more definite and specific description is unknown and cannot be given. We conclude that the description of the property charged in the Kiowa county information to have been taken was so indefinite as to render that information insufficient to charge the defendant with a public offense. This was the second ground of the defendant's objection to the sufficiency of the Kiowa county information, and its being sustained by the trial court on the motion, at the instance and with the consent of the defendant, necessarily disposed of the entire case in the district court of Kiowa county, including the discharge of the jury; and because of this insufficiency of the information and the consent of the defendant to its being so held, it will not constitute a former jeopardy from which parties are protected by our constitution and statutes. R. S. 21-115 specifi-

cally excludes from former jeopardy instances where exceptions are made and allowed to the form or substance of the indictment or information. In 16 C. J. 241 it is stated:

". . . Where the indictment or information is so defective in form or substance that it will not support a conviction, it cannot form the basis of proceedings which will put defendant in jeopardy and bar another prosecution."

Also, at page 259 it is stated:

"When accused in a criminal case makes a motion in arrest of judgment upon the ground that the indictment is defective, and this motion is sustained, he will not thereafter be heard to allege that the indictment was in fact good and that he was in jeopardy thereunder; and this is true without reference to whether the indictment was in fact good or bad in substance."

The following is from 8 R. C. L. 152:

"It may be stated as a general rule that where an indictment is quashed at the instance of the defendant, though after jeopardy has attached, he cannot thereafter plead former jeopardy when placed on trial on another indictment for the same offense. His action in having the indictment quashed constitutes a waiver of his constitutional privilege."

In Bishop on Criminal Law, 9th ed., 759, it is said:

"Where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot in bar to a new trial assert that the first was good, and he was in jeopardy under it."

See, also, to the same effect 2 Wharton's Criminal Procedure, 10th ed., § 1444, and Kelley's Criminal Law and Procedure, 4th ed., page 191, and 19 A. L. R. 623.

The elements of former jeopardy are stated in 16 C. J. 237, as follows:

"A defendant in a criminal prosecution is in legal jeopardy when he has been placed upon trial under the following conditions: (1) Upon a valid indictment or information; (2) before a court of competent jurisdiction; (3) after he has been arraigned; (4) after he has pleaded to the indictment or information; and (5) when a competent jury have been impaneled and sworn."

Our court, in *State v. Brick Co. et al.*, 117 Kan. 192, 230 Pac. 1035, emphasized the necessity of the information being sufficient to sustain a conviction and the discontinuance of the former trial being without the consent of the accused in order to constitute legal jeopardy, in the following language:

"An accused is in legal jeopardy when a trial is begun before a court of competent jurisdiction upon an indictment or information which is sufficient to sustain a conviction, and when jeopardy attaches the discontinuance of

the trial without the consent of the accused or an absolute necessity is a bar to another prosecution for the same offense a second time." (Syl. ¶ 1.)

Under these authorities the proceedings in the Kiowa county case did not constitute a former jeopardy, and there was no error in the district court of Ford county in so holding.

The judgment is affirmed.